UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GALINA A.,[1] | : | Case No. 3:20-cv-242 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Galina A. brings this case challenging the Social Security Administration's denial of her application for Supplemental Security Income. This case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #16), Plaintiff's Reply (Doc. #17), and the administrative record (Doc. #11).

**I.    Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on May 16, 2016, alleging disability due to several impairments, including a neurocognitive disorder, encephalopathy, autism and post-traumatic stress disorder (PTSD). (Doc. #11, *PageID* #353). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since May 16, 2016.

Step 2: She has the severe impairments of autism spectrum disorder, attention deficit/hyperactivity disorder, an anxiety disorder, and borderline intellectual functioning.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to performing unskilled, simple, repetitive tasks, without fast-paced production work or in jobs that involve strict production quotas. No more than occasional superficial contact with supervisors and co-workers, as defined, with no teamwork or tandem tasks. No contact with the general public. [Plaintiff] is limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next."

She has no past relevant work.

      Step 5:      She could perform a significant number of jobs that exist in the national economy.

(Doc. #11, *PageID* #s 49-60). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id* at 60-61.

      The evidence of record is adequately summarized in the ALJ's decision (Doc. #11), Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #16), and Plaintiff's Reply (Doc. #17). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

      Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id*

      The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." Bowen, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d

541, 546-47 (6th Cir. 2004)).

### III. Discussion

In her Statement of Errors, Plaintiff argues that the ALJ erred at Step Three by finding that her severe impairment, Autism Spectrum Disorder, does not meet or equal Listing 12.10. Plaintiff also contends that the ALJ erred in evaluating the medical source assessments from consulting neuropsychologist, Ronald S. Federici, Psy.D. and treating psychiatrist, Deborah Nash, M.D. (Doc. #13, *PageID* #s 881-88). The Commissioner maintains that the ALJ's decision is supported by substantial evidence. (Doc. #16, *PageID* #s 895-903).

#### A. Medical Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted). The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 416.927(c)(2)); *see Gentry*, 741 F.3d at 723.[2]

---

[2] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to her claims.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544.  This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).  The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.*  Substantial evidence must support the reasons provided by the ALJ. *Id*.

Plaintiff's treating psychiatrist, Deborah Nash, M.D., completed a mental impairment assessment in August 2018.  (Doc. #11, *PageID* #s 838-41).  Dr. Nash indicated that Plaintiff's symptoms include, for example, poor memory, sleep disturbance, emotional lability, obsessive or compulsions, and generalized persistent anxiety. *Id.* at 838.  She opined that Plaintiff has extreme limitation in her abilities to describe work activity to someone else; ask and answer questions and provide explanations; sequence multi-step activities; and use reason and judgment to make work-related decisions. *Id*. at 839.  She has marked limitations in her abilities to understand and learn terms, instructions, and procedures; recognize a mistake and correct it; and identify and solve

problems. *Id.* Dr. Nash also opined that Plaintiff is likely to be off task 20% or more of an average typical workweek. *Id.*

The ALJ assigned "little weight" to Dr. Nash's opinion.[3] *Id.* at 58. He found that her opinion was inconsistent with records from other examining and reviewing sources and her own treatment records. *Id.* The ALJ points to two specific examples. First, the ALJ found that Dr. Nash's opinion that Plaintiff had poor memory and marked limitation in understanding and learning terms and following instructions was not consistent with her treatment notes indicating that Plaintiff had "some difficulty coding short-term memories into long-term, but that [she] did not exhibit signs of memory loss." *Id.* (citations omitted). Second, the ALJ found that Dr. Nash's opinion that Plaintiff would be off-task 20% or more of the workday inconsistent with records indicating that Plaintiff was able to maintain employment for over one year and Plaintiff's testimony that she was able to work approximately twenty hours per week. *Id.* at 58.

The ALJ's reasons for discounting Dr. Nash's opinion are not supported by substantial evidence. The ALJ is correct that in October 2017, Dr. Nash noted that Plaintiff had no memory loss and "[d]oes not code short term memory to long term memory very well". *Id.* at 856. However, these notes do not appear to be inconsistent with Dr. Nash's opinion that Plaintiff has

---

[3] Although the ALJ sets forth the treating physician rule correctly earlier in his decision, when evaluating Dr. Nash's opinion, the ALJ misstates the rule. (Doc. #11, *PageID* #s 57-58). Specifically, the ALJ found, "As a treating source, Dr. Nash's opinion can be given great, if not controlling, weight to the extent that it is not inconsistent with other evidence in the record." *Id.* at 58. The treating physician rule does not provide that an ALJ *can* give controlling weight—or great weight—to a treating physician's opinion if it is not inconsistent with the evidence of record. Instead, "[a]n ALJ is *required* to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)) (emphasis added).

poor memory and marked limitation in understanding and learning terms and following instructions. Indeed, Dr. Nash's note regarding Plaintiff's difficulty coding short term memory to long term memory appears to be consistent with Dr. Nash's opinion that Plaintiff has poor memory.

Moreover, the ALJ overlooked significant evidence that is consistent with Dr. Nash's opinion. *See Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 715 (S.D. Ohio 2019) ("the ALJ erred in selectively focusing on the 'normal' (*i.e.,* non-disabling) aspects of Plaintiff's treatment notes to the exclusion of evidence supportive of Dr. Gebhart's opinion.") (citing *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13-cv-179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014)). For example, Dr. Nash noted in October 2017 that Plaintiff has problems with concentration or focus. (Doc. #11, *PageID* #856). This is consistent with her opinion that Plaintiff has marked limitations in her ability to understand and learn terms, instructions, and procedures. *Id.* at 839.

Furthermore, the ALJ failed to acknowledge that Dr. Nash's opinion is consistent with Dr. Federici's opinion. For instance, Dr. Federici opined that Plaintiff has "major difficulties in her overall 'working memory.'" *Id.* at 572. He noted that Plaintiff was only able to retain and recall five digits forward and four digits in reverse. *Id.* Furthermore, Dr. Federici's opined that Plaintiff "has major difficulties in her ability to learn, retain/encode and recall newly presented information through both auditory and visual spheres with rapid memory decay…. She has rapid deterioration in memory processing when there is any type of intervening task or distraction." *Id.* at 576. Additionally, Plaintiff "has gross impairments with attention and focus based on the Attention Deficit Hyperactivity Disorder Test. She has a high level of impulsivity and general disorganization as she is just unable to focus her attention." *Id.* at 572.

In addition, substantial evidence does not support the ALJ's finding that Plaintiff's ability to work twenty hours per week for over one year is inconsistent with Dr. Nash's opinion that Plaintiff would be off-task 20% or more of the workday. Significantly, Dr. Nash did not opine that Plaintiff would be off task 20% or more of the *workday*. She opined that Plaintiff would be off task 20% or more of an average typical *workweek*. Given that Plaintiff's employment was only part time (twenty hours per week), Dr. Nash's opinion that Plaintiff would be off task 20% or more of an average workweek (forty hours per week) is not inconsistent with her employment. Moreover, Dr. Nash acknowledged that Plaintiff currently works fifteen to twenty hours per week but noted that she has difficulty tolerating more than six hours per day. *Id.* at 839. Indeed, Dr. Nash opined, "we do not anticipate patient being able to work full-time job." *Id*. Dr. Nash's treatment notes support her opinion. She noted in August 2018 that Plaintiff's stamina is "not good" if she works more than fifteen to twenty hours per week. *Id.* at 864.

In sum, the ALJ failed to give good reasons, supported by substantial evidence, for discounting Dr. Nash's opinion. *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions"); *Rogers*, 486 F.3d at 242 (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("the ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"). "

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[4]

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security

9

Administration pursuant to sentence four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. # 13) is **GRANTED**;

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.


March 17, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge